IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE ARROYO AND SANDRA ARROYO, FIRST WORLD II TRUST, TENANTS 'Et Al' | : : : : | |
| jaame amun re el | : : | CIVIL ACTION NO. 1:13-CV-01767-RWS |
| Plaintiffs, | : : | |
| v. | : : | |
| BANK OF AMERICA, N.A., BANK OF AMERICA CORP., BRIAN T. MOYNIHAN-CEO, | : : : : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Motion for Injunction and Restraining Order [4], Motion for Injunction and Restraining Order [5], Motion for Protective Order [6], and Amended Motion for Protective Order [7] filed by Plaintiffs Jose Arroyo, Sandra Arroyo, First World II Trust, Tenants 'Et Al,' and Jaame Amune Re El (collectively "Plaintiffs") as well as a Motion to Dismiss [10] filed by Defendants Bank of America, N.A., Bank of America Corporation, and Brian T. Moynihan (collectively "Defendants"). After reviewing the record, the Court enters the following Order.

## Background

Plaintiffs initiated this action by filing a "Motion to Set Aside a Wrongful Foreclosure" [2] in the Superior Court of Fulton County, raising claims arising out of an allegedly wrongful foreclosure of property located at 2157 Montrose Drive, East Point, Georgia 30344 (the "Property"). (Not. of Removal, Dkt. [1] at 2 of 11.) In addition to the original motion, Plaintiffs also filed an "Amended Motion to Set Aside a Wrongful Foreclosure" [3]. (The Court refers to the original and amended motions to set aside a wrongful foreclosure collectively as the Complaint.) Defendants removed the case to this Court on the basis of diversity of citizenship. (Id. at 1 of 11.) Defendants now move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Defs.' Mot. to Dismiss, Dkt. [10] at 1 of 4.) Plaintiff has failed to file a response, and therefore Defendants' motion is deemed unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

The facts are as follows. On February 24, 2005, Plaintiffs Jose Arroyo and Sandra Arroyo (the "Arroyos") obtained a loan from Greenpoint Mortgage

2

AO 72A
(Rev.8/82)

Funding, Inc. ("Greenpoint") in the amount of $134,300.00 (the "Loan").  (Not. of Removal, Ex. B ("Security Deed"), Dkt. [1-7] at 2 of 19.)[1]  To secure repayment of the Loan, the Arroyos executed a Security Deed (the "Security Deed") conveying the property to Mortgage Electronic Registration Systems ("MERS") as nominee for Greenpoint.  (Id.)  The Security Deed was recorded in the real property records of Fulton County, Georgia, on March 25, 2005.  (Id. at 1 of 19.)

It appears from the Complaint that on June 13, 2010, Plaintiffs First World II Trust, Jaamee Amun Re El and "Tenant(s)" acquired the Property and became the holder of the Loan.  (Am. Mot. to Set Aside a Wrongful Foreclosure, Dkt. [3] at 2 of 19.)  Plaintiffs allege that in February 2012 Defendant Bank of America indicated that it was "currently the note holder." (Id. at 4 of 19.)  Plaintiffs also appear to allege that, as the note holder,

---

[1] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Fulton County, when considering a motion to dismiss.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1990).  This does not convert the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

3

Defendant Bank of America, N.A. sold the Property at a foreclosure sale on April 3, 2012. (Id. at 7-8.)

Plaintiffs' Complaint appears to consist of form documents downloaded from the internet with blanks and bolded phrases where Plaintiffs have inserted case-specific information. It contains a large amount of extraneous information and cites legal authority that is not connected to any clearly articulated claims. In short, the allegations are convoluted and confusing. Although the Complaint is difficult to decipher, Defendants contend that Plaintiffs are raising claims for wrongful foreclosure, failure to respond to a nice offer and demand, and failure to respond to a qualified written request ("QWR") in violation of RESPA, 12 U.S.C. § 2605(e). Plaintiffs allege, in particular, that on February 15, 2011, Plaintiffs sent Defendants "a 'Nice Offer And Demand' in [sic] nature of a (QWR) Qualified Written Request" and that Defendants "failed to provide 'Proof of Claim' and knowledge of 'standing' . . . ." (Id. at 2-3 of 19.) Because Plaintiffs have not responded to the motion to dismiss and do not object to Defendants' characterization of the Complaint, the Court deems the foregoing to be the only claims raised in the Complaint.

4

## Discussion

### I.  Defendants' Motion to Dismiss

#### A.  Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant, 187 F.3d at 1273 n.1. However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v.

5

Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Utilizing this framework, the Court considers the claims raised in Plaintiffs' Complaint.

B.   Analysis

The Court agrees with Defendants that Plaintiffs' Complaint fails to state a claim and is due to be dismissed under Rule 12(b)(6). First, to the extent that Plaintiffs attempt to make a claim for wrongful foreclosure, the Complaint fails

6

AO 72A
(Rev.8/82)

to plead facts supporting each element of the claim. As Defendants correctly state, "[i]n Georgia, a plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 647 S.E.2d 289, 292 (Ga. App. 2007). While Plaintiffs ask the Court to "[s]et-Aside the wrongful foreclosure," (Am. Mot. to Set Aside a Wrongful Foreclosure, Dkt. [3] at 2 of 19), they do not allege a duty owed to them by Defendants, much less facts to show a breach of that duty. (See generally Am. Mot. to Set Aside a Wrongful Foreclosure, Dkt. [3].) As such, Plaintiffs have failed to state a claim for wrongful foreclosure.

Second, Plaintiffs have failed to state a claim for failure to respond to a nice offer and demand because Plaintiffs do not allege any details about the "Nice Offer And Demand" other than the date that Plaintiffs allegedly sent it, nor do they cite any legal authority indicating that Defendants had an obligation to respond to the "Nice Offer And Demand." See Copper v. Bank of Am. Home Loans Servicing, LP, 1:11-cv-02198-TWT, 2011 U.S. Dist. LEXIS 151758 (N.D. Ga. 2011) (holding that plaintiff failed to state a claim for failure

7

to respond to a nice offer and demand when "[p]laintiff [did] not provide . . . any details about her 'nice offer and demands,' nor [did] she explain why [d]efendant was under any obligation to consider or respond . . . ."). Accordingly, Defendants' alleged failure to respond does not support a cause of action.

Finally, the Court agrees with Defendants that Plaintiffs have failed to state a claim for violation of RESPA, 12 U.S.C. § 2605(e). As Defendants correctly state, "in order to state a claim for a violation of this section of RESPA, 12 U.S.C. § 2605(e), a plaintiff must allege facts to support that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period of 20 days or 60 days, and (4) the plaintiff is entitled to actual or statutory damages." Jones v. Vericrest Fin., Inc., 1:11-cv-2330-TWT, 2011 WL 7025915, at *15 (N.D. Ga. 2011). Plaintiffs have failed to allege any facts supporting the above elements. Instead, Plaintiffs make only conclusory statements about Defendants' failure to adequately respond. Thus, in addition to failing to state a claim for wrongful foreclosure and failure to respond to a nice offer and demand, Plaintiffs have also failed to state a claim for violation

8

of RESPA.  Accordingly, Defendants' Motion to Dismiss [10] is **GRANTED**, and the Complaint (designated on the docket as a Motion to Set Aside Wrongful Foreclosure [2] and Amended Motion to Set Aside Wrongful Foreclosure [3]) is **DISMISSED**.

**II.     Plaintiffs' Motion for Injunction and Restraining Order [4], Amended Motion for Injunction and Restraining Order [5],  Motion for Protective Order [6], and Amended Motion for Protective Order [7]**

Before a court will grant a motion for a temporary restraining order ("TRO"), the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest."  KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).  See also Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995) (applying same standard to request for preliminary injunction).  "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ."  ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

9

Plaintiffs have failed to state a claim for relief, and thus they fail to show that they have a substantial likelihood of success on the merits.  Since Plaintiffs have failed to establish the most important factor, Plaintiffs' Motion for Injunction and Restraining Order [4] and Amended Motion for Injunction and Restraining Order [5] are hereby **DENIED**. Likewise, in light of the dismissal of the complaint, Plaintiffs are not entitled to a protective order, and Plaintiffs' Motion for Protective Order [6] and Amended Motion for Protective Order [7] are hereby **DENIED**.

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Injunction and Restraining Order [4], Motion for Injunction and Restraining Order [5],  Motion for Protective Order [6] and Amended Motion for Protective Order [7] are **DENIED** and Defendants' Motion to Dismiss [10] is **GRANTED**.  Plaintiffs' Complaint (designated on the docket as a Motion to Set Aside Wrongful Foreclosure [2] and Amended Motion to Set Aside Wrongful Foreclosure [3]) is dismissed  with prejudice, and the Clerk is directed to close the case.

**SO ORDERED**, this  18th  day of, July 2013.


_____
**RICHARD W. STORY**
United States District Judge